HUNTER, JR., ROBERT N., Judge.
 

 *471
 
 Craig Brooksby, Pam Gunderson, and The Estates LLC (collectively "Plaintiffs"), appeal following an order awarding the North Carolina Administrative Office of the Courts, John W. Smith, II, and Pamela Hill (collectively "Defendants") summary judgment on Plaintiffs' North Carolina Public Records Act ("Public Records Act") claim. On appeal, Plaintiffs contend the trial court erred in
 
 *541
 
 awarding Defendants summary judgment. We disagree and affirm the trial court.
 

 I. Factual and Procedural Background
 

 Plaintiff The Estates LLC ("The Estates") is a Utah real estate company that buys and sells distressed properties in North Carolina; Plaintiffs Brooksby and Gunderson work for The Estates. In the course of The Estates' business, it contacted clerks' offices in ninety North Carolina counties. In these counties, the Clerks of Court allowed The Estates to copy and scan public foreclosure records using its "staff and
 
 *472
 
 equipment." The Estates uses its staff to pull foreclosure records, then scan the records using cell phone cameras, digital cameras, and tablet cameras to copy "[twenty] files at a time per [staff] person," to save time and money.
 

 On 5 June 2013, Plaintiffs traveled to the Randolph County Clerk's Office, where Pamela Hill ("Hill") is the Clerk of Court. Plaintiffs requested all foreclosure records from 2010 to present, and asked Hill if they could use their staff and scanning equipment. Hill denied their request.
 

 On 30 August 2013, Plaintiffs made a written request to come into Hill's office, and copy records on 30 September and 1 October 2013 using their staff and equipment, and once per week thereafter until they copied all of their desired documents. In the alternative, Plaintiffs told Hill, "If, you prefer to do this yourself then we request pursuant to N.C. Gen.Stat. § 132-6.2, that these records be provided in digital pdf format (CD, DVD or digital copy) or by fax within 15 days...." Hill denied Plaintiffs' request through counsel on 20 September 2014. Hill's counsel stated, on her behalf, "she does not have sufficient staff so that someone could supervise such an operation and ensure the integrity of the court's records." Hill proposed a compromise and offered to provide fifteen to twenty records to Plaintiffs on a weekly basis. Plaintiffs did not accept Hill's offer and on 9 October 2013 they filed a complaint against Hill and others, raising a public records action.
 

 Defendants answered on 14 November 2013 and generally denied the allegations and admitted some facts. Defendants stated they acted in accordance with the Public Records Act and did not deny Plaintiffs access to the foreclosure documents. To their answer, Defendants attached an email between them and Plaintiffs' counsel in which Defendants offered to produce weekly records to Plaintiffs in lieu of giving Plaintiffs the autonomy they desired.
 

 On 3 January 2014, the trial court ordered the parties to attend a mediated settlement conference. The parties met on 5 May 2014 and they agreed to Plaintiffs' use of a handheld scanner to copy foreclosure records but they did not agree "as to the specific mechanics and terms." The parties failed to reduce their agreement to writing. Following the mediation conference, Plaintiffs agreed to obtain five foreclosure records at a time from Hill using a handheld scanner approved by the Randolph County Sheriff. Although the parties used this method to obtain records "without issue" for months, Plaintiffs persisted in their demand "to pull [fifteen] copies [or more of public records] at a time," based on their proposed terms. Hill again denied their request.
 

 *473
 
 On 26 May 2015, Defendants moved for summary judgment pursuant to Rule 56. Defendants contended Plaintiffs' Public Records Act claim should be dismissed because "there are no issues of material fact remaining."
 

 The trial court heard the parties on the Defendants' motion for summary judgment on 8 June 2015. At the hearing, Defendants submitted the following documents: (1) an administrative order from the Randolph County Courthouse, which bars the use of cell phones in the courthouse; (2) an email sent from Plaintiffs to Defendants on 30 August 2013 requesting independent access to public records; and (3) an affidavit from J. Denton Adams, Plaintiffs' former counsel, who attended the 5 May 2014 mediation conference. Defendants also submitted an affidavit from Diana Brown, Assistant Clerk of Superior Court in Randolph County and supervisor of the foreclosure records in question, which stated the parties agreed to Plaintiffs' use of a digital imaging wand that the Randolph County Sheriff approved. At the summary judgment hearing, Plaintiffs
 
 *542
 
 and Defendants agreed there "is no genuine issue as to any material fact." Based upon the record evidence, the trial court granted summary judgment in Defendants' favor and dismissed Plaintiffs' claims with prejudice on 26 June 2015. Plaintiffs timely filed notice of appeal on 14 July 2015.
 

 II. Standard of Review
 

 "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 
 In re Will of Jones,
 

 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (quoting
 
 Forbis v. Neal,
 

 361 N.C. 519
 
 , 524,
 
 649 S.E.2d 382
 
 , 385 (2007) ).
 

 III. Analysis
 

 Plaintiffs contend the trial court "erred in holding that the Clerk of Court may prohibit the Plaintiffs from inspection [sic] copying of the Randolph County Special Proceeding files through the use of digital cameras, cell phone cameras and/or tablet cameras." They contend there is a genuine issue of material fact as to whether Defendants unreasonably restricted their access to public records. We disagree.
 

 Pursuant to Rule 56, summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2015).
 

 *474
 
 The party moving for summary judgment has the burden of establishing the lack of any triable issue. The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.
 
 By making a motion for summary judgment, a defendant may force a plaintiff to produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial.
 
 All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion.
 

 Collingwood v. Gen. Elec. Real Estate Equities, Inc.,
 

 324 N.C. 63
 
 , 66,
 
 376 S.E.2d 425
 
 , 427 (1989) (citations omitted) (emphasis added).
 

 Under the North Carolina Public Records Act, "[e]very custodian of public records shall permit any record in the custodian's custody to be inspected and examined at reasonable times and under reasonable supervision by any person, and shall, as promptly as possible, furnish copies thereof upon payment of any fees as may be prescribed by law." N.C. Gen.Stat. § 132-6(a) (2015) ; N.C. Gen.Stat. § 132-1
 
 et seq.
 
 (2015). The Public Records Act provides the following:
 

 Persons requesting copies of public records may elect to obtain them in any and all
 
 media in which the public agency is capable of providing them.
 
 No request for copies of public records in a particular medium shall be denied on the grounds that the
 
 custodian
 
 has made or prefers to make the public records available in another medium. The public agency may assess different fees for different media as prescribed by law.
 

 N.C. Gen.Stat. § 132-6.2(a) (2015) (emphasis added).
 

 To establish a
 
 prima facie
 
 case under the Public Records Act, a plaintiff must show: "(1) a person requests access to or copies of public records from a government agency or subdivision, (2) for the purposes of inspection and examination, and (3) access to or copies of the requested public records are denied."
 
 State Emps. Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer,
 

 364 N.C. 205
 
 , 207,
 
 695 S.E.2d 91
 
 , 93 (2010). Our Supreme Court held "it is clear that the legislature intended to provide that, as a general rule, the public would have liberal access
 
 *475
 
 to public records."
 
 News & Observer Publ'g Co. v. State ex rel. Starling,
 

 312 N.C. 276
 
 , 281,
 
 322 S.E.2d 133
 
 , 137 (1984) (citation omitted).
 

 Here, Plaintiffs failed to forecast evidence of a
 
 prima facie
 
 case under the Public Records Act because they failed to show that "access to or copies of the requested public
 
 *543
 
 records [was] denied."
 
 State Emps. Ass'n of N.C., Inc.,
 

 364 N.C. at 207
 
 ,
 
 695 S.E.2d at 93
 
 . Plaintiffs' evidence shows they were not allowed to access the Clerk's Office on the explicit terms they requested. While the Court recognizes that there may be circumstances where public officials deny access to records on grounds of resources as a pretext for frustrating the intent of the law to provide open access, we hold under these circumstances no such factual question has been raised. Under the limitations of the Clerk's Office and the availability of its employees, Defendants made reasonable accommodations to allow Plaintiffs access to the documents in a timely manner.
 

 The issues raised here regard a request for mass records search of all records. The need for the records custodian to maintain the integrity of the records for its own use and the use of others, the custodian's fiscal responsibility in maintaining the records, the duty to the public, the protection of public resources, and the exigency of the public's need for the information are some, but not all, of the factors that shape a court's inquiry in a records request. We note both parties conceded this matter was appropriate for summary judgment. This indicates the presence of a pure question of law.
 

 After reviewing the record
 
 de novo
 
 in the light most favorable to Plaintiffs, we hold Defendants are entitled to summary judgment.
 

 IV. Conclusion
 

 For the foregoing reasons, we affirm the trial court.
 

 AFFIRMED.
 

 Judges CALABRIA and DILLON concur.